**UNITED STATES of America**

v.

**Roberto AGUILERA–SOTO**
**a/k/a Roberto Aguilera**

exercise plenary review over its application of the law to the facts. *United States v. Mathu-*rin, 561 F.3d 170, 173 (3d Cir.2009).

Roberto Aguilera–Soto, Appellant.

No. 08–4234.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 24, 2009.

Filed: Sept. 29, 2009.

Jeffery W. Whitt, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Robert Epstein, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Defendant–Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

OPINION OF THE COURT

JORDAN, Circuit Judge.

Roberto Aguilera–Soto pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2), and was sentenced to 77 months in prison. His sentence was based in part on a 16–level enhancement to the base offense level set by the United States Sentencing Guidelines, because he had been previously deported after having been convicted of a crime of violence. On appeal, he contends that his sentence is procedurally unreasonable because the District Court failed to adequately consider his argument for a variance based on the circumstances surrounding the arson conviction that triggered the 16–level enhancement. He also contends that his Fifth and Sixth Amendment rights were violated when his maximum sentence was increased based on a conviction that was neither charged in the indictment, nor admitted, nor proven to a fact-finder beyond a reasonable doubt. Because the District Court adequately considered Aguilera–Soto's variance request, and because we have clear precedent rejecting his Fifth and Sixth Amendment arguments, we will affirm.

I. Background

Aguilera–Soto is a native and citizen of Mexico. On July 18, 1991, he was arrested

in New Castle County, Delaware and charged with arson, having set fire to two apartments. He pled guilty and was sentenced to three years' imprisonment, but his sentence was suspended, and he served one year in a halfway house while receiving drug and alcohol treatment. On January 31, 1995, Aguilera–Soto was arrested in Chester County, Pennsylvania after stealing and crashing a van. He pled guilty to receiving stolen property, driving at an unsafe speed, and leaving the scene of an accident, and he was sentenced to 145 days to 23 months in prison. After serving his prison sentence and being released on parole, he was deported to Mexico.

On October 17, 2007, Aguilera–Soto was arrested in Avondale, Pennsylvania by the Pennsylvania State Police and charged with simple assault, harassment, and disorderly conduct. The police contacted United States Immigration and Customs Enforcement ("ICE"), and, on January 31, 2008, a federal grand jury indicted Aguilera–Soto on the illegal reentry charge underlying this case. He pled guilty. The United States Probation Office then prepared a Pre-sentence Report ("PSR") recommending that a 16–level enhancement be applied to Aguilera–Soto's base offense level, pursuant to § 2L1.2(b)(1)(A)(ii) of the Guidelines, because he had been convicted of arson, a crime a violence, prior to being deported. At the sentencing hearing, Aguilera–Soto objected to the 16–level enhancement. The District Court considered but rejected his argument and adopted the Guidelines calculations set forth in the PSR, which set Aguilera–Soto's Guidelines range at 77 to 96 months' imprisonment.

Aguilera–Soto also asked for a variance, arguing that the conduct leading to his arson conviction was the result of alcohol abuse and that the 16–level enhancement he faced as a result of the arson conviction was unduly severe. The District Court denied his variance request and sentenced him to 77 months in prison, the bottom of the Guidelines range. Aguilera–Soto then filed this appeal, arguing that his sentence is procedurally unreasonable[1] because the District Court did not adequately consider his variance request based on the nature of his arson conviction. He also argues that his sentence violates the Fifth and Sixth Amendments because his maximum sentence was increased by a prior conviction that was not charged in the indictment, admitted, or proved to a jury beyond a reasonable doubt.

## II. Discussion[2]

### A. Procedural Reasonableness

We review sentences for reasonableness using an abuse of discretion standard. *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir.2008). For a sentence to be procedurally reasonable, a district "court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir.2007).

The District Court heard and considered Aguilera–Soto's argument that the mitigating circumstances surrounding his arson conviction warranted a downward variance. In response, the Court addressed both his arson conviction and the role alcohol played in it:

---

1. In his Reply Brief, Aguilera–Soto says the substantive reasonableness of his sentence is also in question. (Reply Br. at 14 n. 7.) However, given the bleated and cursory treatment of that challenge, we decline to address it.

2. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Mr. Aguilera–Soto was deported after a conviction for arson, a very serious crime of violence. I consider the defendant himself, his characteristics, his history, and he does have a very, very serious criminal history that the Court takes into account ... [Defense Counsel's] point is—is, of course, well—very well taken that at least most, if not all of [his prior crimes] appear to be related to alcohol ... I hear the fact that he has alcohol problems and I certainly will recommend strongly that he get whatever alcohol treatment the prison system has to offer but it—it certainly doesn't take away from a very, very, very substantial criminal history.

(App.85–86.) Aguilera–Soto tries, unpersuasively, to say that the District Court did not specifically address his argument that a variance was warranted because the 16–level enhancement was too severe, given the circumstances of what he calls his "nominal" arson conviction. (Appellant's Opening Brief at 12.) Instead, he says, the Court only addressed the separate and more general defense argument that his criminal history score overstated the seriousness of his criminal background. That is an inaccurate assessment of the record.

Leaving aside the unwarranted minimization of the arson itself,[3] we cannot agree that the District Court ignored the request for a variance. The above-quoted language from the sentencing colloquy is sufficient to show that the Court specifically considered the claim that the arson conviction did not warrant a sentence within the range calculated using the 16–level enhancement. The Court determined that Aguilera–Soto's arson was a "very serious crime of violence" (App. at 85), and that a sentence within the Guidelines range was warranted. There was no abuse of discretion in that decision. Because the District Court acknowledged and adequately responded to Aguilera–Soto's variance request, his argument that his sentence is procedurally unreasonable is unavailing.

## B. Fifth and Sixth Amendments Claims

Aguilera–Soto acknowledges (Appellant's Opening Br. at 29–30) that we have previously rejected the argument that a defendant's Fifth and Sixth Amendment rights are violated when his maximum sentence is increased based on a prior conviction that is not set forth in an indictment, admitted, nor proved to a jury beyond a reasonable doubt. *See United States v. Ordaz,* 398 F.3d 236, 240–41 (3d Cir.2005) (consideration at sentencing of a prior conviction that was not charged in the indictment nor proved to a jury does not violate the Constitution); *accord United States v. Coleman,* 451 F.3d 154, 159–60 (3d Cir. 2006) (same). He states that he raises the issue to preserve it for future review. As our precedent on this issue is clear and controlling, we need not revisit it here.

## III. Conclusion

Because the District Court adequately addressed Aguilera–Soto's variance request, and we have clear precedent rejecting his Fifth and Sixth Amendment arguments, we will affirm.

---

3. While we do not doubt that with arson, as with any crime, there may be differing degrees of culpability and of damage from the crime, we are no more impressed by Aguilera–Soto's effort to downplay the seriousness of his arson conviction than was the District Court. In a peculiar argument, he emphasizes that he set the fire with no more than a match. Carrying out a threat to set fire to two apartments, as Aguilera–Soto did, is not made a matter of little moment by pointing to the means of ignition.